IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DENNIS MCKEITHAN,            :
     Plaintiff
                         :

    vs.                      :CIVIL ACTION NO. 1:CV-03-1318

                             :   (Judge Caldwell)
DONALD JONES, et al.,
     Defendants               :

*M E M O R A D N U M*

I.   *Introduction.*

We are considering the motion to dismiss of defendant Womelsdorf, a correctional officer at SCI-Dallas, Dallas, Pennsylvania.[1] The pro se plaintiff, Dennis McKeithan, an inmate at Dallas, had sued Womelsdorf and other Dallas prison officials for civil rights violations, alleging, among other claims, that a prison disciplinary proceeding had violated his due-process and First Amendment rights. By order of March 22, 2005, we adopted the magistrate judge's recommendation that summary judgment be granted on most of the claims. Along with the magistrate judge, however, we did recognize that the defendants had failed to address a claim of harassment against Womelsdorf that had been set

---

[1] Plaintiff has spelled Defendant's name as "Womelsdolf."

forth in the amended complaint.[2]  We decided to allow Womelsdorf to challenge the legal sufficiency of the claim against him or to seek discovery on the claim.  In response, he filed his motion to dismiss under Fed. R. Civ. P. 12(b)(6).

In deciding Defendant's motion, we must accept as true the factual allegations in the amended complaint and construe any inferences to be drawn from them in Plaintiff's favor.  *See Mariana v. Fisher*, 338 F.3d 189, 195 (3d Cir. 2003).  With this standard in mind, we set forth the pertinent background, as Plaintiff alleges it.

III. *Background*.

As we read it, the amended complaint makes the following claims of "a pattern of petty harassment" by Womelsdorf.  (Doc. 20, ¶ 7).  First, Womelsdorf gave the shower-and-mop-room job to another inmate even though Plaintiff had more seniority.  (*Id.*, ¶¶ 10 and 16).  Second, between June and August of 2002, eight searches were conducted of Plaintiff's cell.  Womelsdorf had prompted these searches by lying to security, hoping that one of the searches would discover something.  (*Id.*, ¶¶ 31 and 34).  Third, Womelsdorf prevented Plaintiff from getting his old job on

---

[2] In a diligent analysis of Plaintiff's pleadings, the magistrate judge thought there were other claims that had been left unaddressed, but we disagreed.

2

the block back.  (*Id.*, ¶ 55).  Fourth, Womelsdorf called Plaintiff a racist and told white prisoners not to associate with him.  (*Id.*, ¶ 60).  Fifth, Womelsdorf sent two correctional officers to search his cell on April 26, 2003.  (*Id.*, ¶ 64).  Sixth, Womelsdorf stopped Plaintiff's idle pay.  (*Id.*, ¶ 67).

III.  *Discussion*.

We agree with Womelsdorf's reasons for arguing that the following claims are not actionable as civil-rights claims, even when Plaintiff alleges harassment, since the defendant's conduct must invade a constitutional right to some degree.  Thus, the first and third claims about prison jobs is not actionable since an inmate has no constitutional right to a prison job.  *See Fidtler v. Pa. Dep't of Corr.*, 55 Fed. Appx. 33, 35 (3d Cir. 2002) (nonprecedential) (citing *Bryan v. Werner,* 516 F.2d 233, 240 (3d Cir. 1975)); *Wright v. O'Hara*, 2002 WL 1870479, at \*5 (E.D. Pa.); *see also James v. Quinlan*, 866 F.2d 627, 629 (3d Cir. 1989)(federal inmate has no constitutional right to a prison job).  The fourth claim is based on verbal abuse, and verbal abuse does not state a constitutional claim.  *See Burkholder v. Newton*, 116 Fed. Appx. 358, 360 (3d Cir. 2004) (nonprecedential); *MacLean v. Secor*, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995); *Jones v. Horn*, 1998 WL 297636 at \*7 (E.D. Pa.)(allegation that prison official

3

called inmate a racist was mere verbal harassment and not a civil-rights violation). The fifth claim has already been disposed of on summary judgment. The sixth claim fails because Plaintiff has no constitutional right to idle pay. *See Fidtler, supra*, 55 Fed. Appx. at 35 (citing *McCoy v. Chesney,* 1996 WL 119990 at *2-3 (E.D.Pa.)).

That leaves only the second claim, that Womelsdorf prompted eight searches of Plaintiff's cell between June and August of 2002 in the hope that one of the searches would turn something up against Plaintiff.

An inmate has no Fourth Amendment right against a cell search, *see Hudson v. Palmer*, 468 U.S. 517, 530, 104 S.Ct. 3194, 3202, 82 L.Ed.2d 393, 405 (1984), but if cell searches are performed as a form of harassment, they could violate the Eighth Amendment. 468 U.S. at 530, 104 S.Ct. at 3202, 82 L.Ed.2d at 405. In *Scher v. Engelke*, 943 F.2d 921, 923 (8th Cir. 1991), the Eighth Circuit ruled that the Eighth Amendment was violated by ten searches in nineteen days (with the cell left in disarray after three of the searches) when the searches were motivated by retaliation. In *Blanks v. Smith*, 790 F. Supp. 192 (E.D. Wis. 1992), the court held that almost daily searches during a two-week general shakedown stated a claim. On the other hand, it appears that thirteen searches in thirteen months would not sustain an Eighth Amendment claim, *see Smith v. Sublett*, 983 F.2d 1077 (9th

4

Cir. 1993)(text available in Westlaw at 1993 WL 6635 *3 n.1), nor would a single search.  *Vigliotto v. Terry*, 873 F.2d 1201, 1203 (9th Cir. 1989).  We conclude that the frequency of Plaintiff's searches, one search about every eleven days, does not support an Eighth Amendment claim and will therefore dismiss the harassment claim against Womelsdorf.

     We will issue an appropriate order.

                                           /s/William W. Caldwell
                                           William W. Caldwell
                                           United States District Judge

Date: June 3, 2005

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


DENNIS MCKEITHAN,                :
       Plaintiff
                                 :

       vs.                       :CIVIL ACTION NO. 1:CV-03-1318

                                 :     (Judge Caldwell)
DONALD JONES, et al.,
       Defendants                :
```

*O R D E R*

AND NOW, this 3rd day of June, 2005, it is ordered that:

   1. The motion (doc. 156) to dismiss of defendant Womelsdorf, is granted and this action is dismissed as against defendant Womelsdorf.

   2. Plaintiff's motion (doc. 152) for an injunction/TRO is dismissed as moot since Defendant's response to this motion indicates Plaintiff received all of his legal material.

   3. The Clerk of Court shall close this file.

   4. For the purpose of in forma pauperis status on appeal, any appeal of this order would not be in good faith.

                                         /s/William W. Caldwell
                                          William W. Caldwell
                                        United States District Judge